IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID GAVALDON,

    Plaintiff,

v.

MATTHEW L. CATE, et al.,

    Defendants.
                                              /

No. C 11-02887 SBA (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

      Plaintiff has filed a motion for appointment of counsel to represent him in this action.

      There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

1  The Court is unable to assess at this time whether exceptional circumstances exist which
2  would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at
3  an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the
4  merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the
5  complexity of the issues involved. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th
6  Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without prejudice.
7  This does not mean, however, that the Court will not consider appointment of counsel at a later
8  juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the
9  Court will be in a better position to consider the procedural and substantive matters at issue.
10 Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants'
11 dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at
12 that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.
13  This Order terminates Docket no. 2.
14  IT IS SO ORDERED.
15 DATED:   9/8/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID GAVALDON,

       Plaintiff,

  v.

MATTHEW L. CATE et al,

       Defendant.

Case Number: CV11-02887 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Gavaldon C15376
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: September 9, 2011

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk