IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GAVALDON,<br><br>   Plaintiff,<br><br> vs.<br><br>MATTHEW L. CATE, et al.,<br><br>   Defendants.<br>_____/ | No. C 11-02887 YGR (PR)<br><br>**ORDER GRANTING THIRD MOTION FOR EXTENSION OF TIME FOR PLAINTIFF TO FILE PROOF OF SERVICE OR TO SHOW CAUSE WHY CLAIMS AGAINST UNSERVED NAMED DEFENDANTS SHOULD NOT BE DISMISSED; AND DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** |

  Plaintiff, a state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983. On December 12, 2011, the Court issued an "Order to Show Cause Why Claims Against Unserved Defendants Should Not Be Dismissed." The Court directed Plaintiff, who paid the filing fee in this matter, to provide the Court with proof of service of the summons and complaint upon the named Defendants against whom he alleges his claims. (Dec. 12, 2011 Order at 1.)

  On January 3, 2012, Plaintiff requested an extension of time to show proof that he served the named Defendants, or to show cause why the claims against the unserved named Defendants should not be dismissed from this action without prejudice. On January 30, 2012, the Court granted this request. (Jan. 30, 2012 Order at 1.)

  Before the Court are Plaintiff's second and third requests for extension of time to show proof that he has served the named Defendants or to show cause why the claims against the unserved named Defendants should not be dismissed from this action without prejudice. Plaintiff's second request was terminated as moot by the Clerk of the Court.

  In his third request filed on April 30, 2012, Plaintiff asks that the Court further extend the above-referenced deadline. This request (docket no. 22) is GRANTED. The time in which Plaintiff may either provide the Court with proof of service on the named Defendants, or show cause why the claims against the unserved named Defendants should not be dismissed from this action without prejudice, will be extended up to and including **June 29, 2012**. **Failure to do so by the new deadline shall result in the dismissal of all claims against the unserved named Defendants without prejudice.**

1    Plaintiff has also filed an application to proceed *in forma pauperis* (IFP). Ordinarily, a
2 prisoner is permitted to file a civil action in federal court without prepayment of fees or security if
3 he makes affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. §
4 1915(a). The filing fee for a civil right complaint is $350.00. In support of his application to
5 proceed IFP, Plaintiff has submitted information from his prison trust account which shows that over
6 the preceding six-month period the average deposits each month to his account were $293.80 and
7 the average monthly balance in his account was $1,709.06. Based on this information, the Court
8 concludes that Plaintiff was apparently able to pay the $350.00 filing fee, as mentioned above, and
9 the Court also finds that Plaintiff should be able to afford any costs associated with serving the
10 named Defendants. Accordingly, leave to proceed IFP (docket no. 23) is DENIED.

11    This Order terminates Docket nos. 22 and 23.

12    IT IS SO ORDERED.

13 DATED: May 31, 2012

14                                           **YVONNE GONZALEZ ROGERS**
                                             **UNITED STATES DISTRICT COURT JUDGE**

**United States District Court**
For the Northern District of California